**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-7168**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GLORIA A. MCCUTCHEON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.   Cameron McGowan Currie, District Judge.   (CR-97-866)

———————————

Submitted: December 17, 2003            Decided: February 20, 2004

———————————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Gloria A. McCutcheon, Appellant Pro Se.   William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gloria A. McCutcheon appeals from the district court's denial of her motion for reconsideration. McCutcheon requested the court to compel the Government to file a motion under Federal Rule of Criminal Procedure 35 to reduce her sentence for her asserted substantial assistance in the conviction of another person. The district court found no reason to do so and denied McCutcheon's motion.

Federal courts may review a prosecutor's refusal to file a Rule 35 motion and grant a remedy when the refusal is based on an unconstitutional motive or if such refusal is not related to a legitimate government end. Wade v. United States, 504 U.S. 181, 185-86 (1992). Here, McCutcheon has not asserted that the Government's refusal to file a motion on her behalf is related to either of the aforementioned impermissible reasons. Consequently, the district court's refusal to compel the Government to file a Rule 35 motion is affirmed.

To the extent that McCutcheon asks this court to construe a letter she wrote to the district court over two years ago as a motion under 28 U.S.C. § 2255, we decline to do so. Among other matters, McCutcheon's letter complained that the Government had not filed a Rule 35 motion on her behalf. The letter gave no indication that McCutcheon sought to collaterally attack her conviction or sentence. Therefore, this court refuses to construe

her earlier correspondence as a § 2255 motion and denies McCutcheon's request for a certificate of appealability as moot.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED